# United States Court of Appeals
## For the First Circuit

No. 12-1202

UNITED STATES,

Appellee,

v.

FRANK MIRANDA,

Defendant, Appellant.

Before

Lynch, <u>Chief Judge</u>,
Howard and Kayatta, <u>Circuit Judges</u>.

**JUDGMENT**

Entered:  April 3, 2014

In this direct criminal appeal, Frank Miranda challenges his crack cocaine conviction and sentence.  After careful review of the record in light of his appellate contentions, we grant the government's motion for summary disposition and summarily affirm the district court's judgment, concluding that Miranda's arguments lack merit and fail to satisfy the applicable review standards.

Miranda seeks vacatur of his guilty plea, asserting that the district court violated Fed. R. Crim. P. 11 requirements by not inquiring sufficiently into the effects of his pain medication during the change-of-plea hearing.  <u>See</u> <u>United States</u> v. <u>Parra-Ibanez</u>, 936 F.2d 588, 590 n.1, 595-96 (1st Cir. 1991) (Rule 11 mandates such inquiry if district courts have "reason to suspect that the medications taken by the accused might impinge upon the accused's capacity to enter a voluntary and intelligent plea").  We review Miranda's unpreserved claim for plain error, <u>United States</u> v. <u>Morrisette</u>, 429 F.3d 318, 322 (1st Cir. 2005), and find none.  Miranda's claim fails because there is no evidence that Miranda's pain medication adversely affected his ability to enter a voluntary and intelligent plea.  <u>See id.</u> (the plain error alleged must affect substantial rights and seriously impair the fairness, integrity, or public reputation of the court proceedings).

Miranda's sentencing claims are also meritless.  See United States v. Rodríguez, 731 F.3d 20, 31 (1st Cir. 2013) (stating applicable standards of review), cert. denied, 134 S. Ct. 1329 (2014).  The district court reasonably credited the cooperating witness's report that Miranda had sold crack cocaine to an unidentified man on June 3, 2009.  The cooperating witness's report was detailed and described a sale consistent with Miranda's sales of crack cocaine to the cooperating witness.  As the government's unobjected-to statement at the sentencing hearing indicated, it had an audio/videotape that tended to corroborate the cooperating witness's report.  See United States v. Mills, 710 F.3d 5, 16 (1st Cir. 2013) (describing when sentencing information may be deemed reliable).  Based on Miranda's known sales of crack to the cooperating witness, moreover, the district court's estimate of the quantity of crack Miranda sold the unidentified man on June 3 was plainly reasonable.

Finally, the district court did not err, let alone plainly err, in treating Miranda's June 3, 2009 sale of crack to the unidentified man as relevant conduct because it was "part of the same course of conduct or common scheme or plan as the offense of conviction[.]"  See U.S.S.G. § 1B1.3(a)(2); see also United States v. Matos, 611 F.3d 31, 40 (1st Cir. 2010) (standard of review for unpreserved challenges to the district court's application of a sentencing guideline).  On June 3, 17, and 22, and July 9, 2009, Miranda sold crack cocaine to the cooperating witness.  In addition, immediately after selling crack to the cooperating witness on June 3, Miranda sold crack to another person.  Miranda's conviction is based on his final sale of crack to the cooperating witness on July 9.  Thus, the June 3 sale of crack to the unidentified person clearly formed part of the same course of conduct, or common scheme or plan, as the July 9 offense for which Miranda was convicted.

Affirmed.  See Loc. R. 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk.

cc:
Dina Michael Chaitowitz
Randall Ernest Kromm
Suzanne Maureen Sullivan Jacobus
George F. Gormley
Frank Miranda